IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PHOENIX BRANDS LLC, *et al.*,[1] | ) | Case No. 16-11242 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 5** |

### ORDER AUTHORIZING THE DEBTORS TO APPOINT RUST CONSULTING/OMNI BANKRUPTCY AS CLAIMS AND NOTICING AGENT

This matter coming before the Court on the *Debtors' Application for an Order Authorizing the Appointment of Rust Consulting/Omni Bankruptcy as Claims and Noticing Agent* (the "Section 156(c) Application"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Section 156(c) Application, the Rust/Omni Declaration, and the First Day Declaration, and having considered the statements of counsel and evidence adduced with respect to the Section 156(c) Application at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Section 156(c) Application and the Hearing was sufficient under the circumstances, (v) that this Court may enter a final order consistent with Article III of the United States Constitution, (vi) the Debtors have estimated that there are likely hundreds of

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Phoenix Brands LLC, (4609), Phoenix Brands Parent LLC, (8729), Phoenix North LLC, (no EIN), and Phoenix Brands Canada ULC (a Nova Scotia Company). The address of each of the Debtors is 1 Landmark Square, Suite 1810, Stamford, CT 06901, except Phoenix Brands Canada ULC, which is Box 50, 1 First Canadian Place, Toronto, Ontario, Canada M5X 1B8.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

creditors in these chapter 11 cases, many of which may require notice and file proofs of claim, (vii) the provision of notice and the receipt, docketing, and maintenance of proofs of claim would be unduly time consuming and burdensome for the Clerk, (viii) Rust/Omni has the capability and experience to provide such services, (ix) Rust/Omni is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, with respect to the matters upon which it is to be engaged; and (x) pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code,[3] Rules 2002–1(f) and 9013–1(m) of the Local Rules, and the Claims Agent Protocol; and the Court having determined that the legal and factual bases set forth in the Section 156(c) Application, the Rust/Omni Declaration, and at the Hearing establish just cause for the relief granted herein;

    IT IS HEREBY ORDERED THAT:

1.     The Section 156(c) Application is GRANTED on the terms set forth herein.

2.     Notwithstanding the terms of the Services Agreement attached to the Section 156(c) Application, the Section 156(c) Application is approved solely as set forth in this Order.

3.     The Debtors are authorized to appoint Rust/Omni effective as of the Petition Date under the terms of the Services Agreement, and Rust/Omni is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these chapter 11 cases, and all related tasks, as described in the Section 156(c) Application and the Services Agreement.

4.     Rust/Omni shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these chapter 11 cases and is authorized

---

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Section 156(c) Application.

2

and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

5. Rust/Omni is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

6. Rust/Omni is authorized to take such other action to comply with all duties set forth in the Section 156(c) Application.

7. Rust/Omni shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and to serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for Madison Capital Funding LLC, as Agent, counsel for any official committee monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices

8. Subject to the terms and requirements set forth in any order authorizing use of cash collateral or debtor-in-possession financing (including, without limitation, with respect to any budget governing or relating to such use), the Debtors are authorized to compensate Rust/Omni to the extent authorized by, and in accordance with, the terms and requirements of the Services Agreement and any such order, upon the receipt of reasonably detailed invoices setting forth the services provided by Rust/Omni and the rates charged for each, and to reimburse Rust/Omni for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Rust/Omni to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

9. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Services Agreement or monthly invoices; provided, however, that the parties may seek resolution of the matter from the Court if resolution is not achieved.

10. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the undisputed fees and expenses of Rust/Omni under this Order shall be an administrative expense of the Debtors' estates.

11. Rust/Omni may (a) apply its retainer to its prepetition invoices and have such retainer replenished to the original amount, and (b) hold the retainer under the Services Agreement during these chapter 11 cases to apply against unpaid fees and expenses incurred in performing services for the Debtors under the Services Agreement, in each case, expressly subject to, and to the extent in accordance with, the terms and requirements of any order authorizing use of cash collateral or debtor-in-possession financing.

12. The Debtors shall indemnify Rust/Omni under the terms of the Services Agreement, as modified pursuant to this Order.

13. Rust/Omni shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

14. Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify Rust/Omni, or provide contribution or reimbursement to Rust/Omni for any claim or expense that is: (i) judicially determined (the determination having become final) to have arisen from Rust/Omni's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Rust/Omni's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii) but determined by the Court, after

4

notice and a hearing, to be a claim or expense for which Rust/Omni should not receive indemnity, contribution, or reimbursement under the terms of the Services Agreement as modified by this Order.

15.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Rust/Omni believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Services Agreement (as modified by this Order), including the advancement of defense costs, Rust/Omni must file an application therefor in this Court, and the Debtors may not pay any such amounts to Rust/Omni before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time through which the Court shall have jurisdiction over any request for fees and expenses by Rust/Omni for indemnification, contribution, or reimbursement and does not limit the duration of the Debtors' obligation to indemnify Rust/Omni All parties-in-interest shall retain the right to object to any demand by Rust/Omni for indemnification, contribution, or reimbursement.

16.  In the event Rust/Omni is unable to provide the services set out in this Order, Rust/Omni will immediately notify the Clerk and Debtors' counsel and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' counsel.

17.  The Debtors may submit a separate retention application for Rust/Omni pursuant to Bankruptcy Code sections 327 and 328 for services that Rust/Omni intends to perform outside the ambit of those services described in the Section 156(c) Application, and nothing in this Order

shall operate to limit the approval of such retention application under sections 327 and 328 of the Bankruptcy Code.

18. The Debtors and Rust/Omni are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

19. Notwithstanding any term in the Services Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

20. Notwithstanding any term in the Services Agreement to the contrary, Rust/Omni shall not cease providing claims processing services during these chapter 11 cases for any reason, including nonpayment, without an order of the Court.

21. Notwithstanding anything in the Application, the Services Agreement, or this order to the contrary, the payments and retainers authorized by, and any authorizations contained in, this order are subject to the terms and requirements set forth in any order authorizing use of cash collateral or debtor-in-possession financing, including without limitation, with respect to any budget governing or relating to such use and any terms governing the use or application of retainers.

22. After entry of an order terminating Rust/Omni's services, upon the closing of the chapter 11 cases, or for any other reason, Rust/Omni shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable, and shall be compensated by the Debtors in connection therewith.

Dated: May 23, 2016
Wilmington, Delaware

The Honorable Brendan L. Shannon
Chief United States Bankruptcy Judge