IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| PHOENIX BRANDS LLC, *et al.*,[1] | ) Case No. 16-11242 (BLS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Related to Docket No. 6** |

## INTERIM ORDER (I) APPROVING THE CONTINUED USE OF THE DEBTORS' CASH MANAGEMENT SYSTEM AND (II) GRANTING RELATED RELIEF

This matter coming before the Court on the Motion for an Order (I) Approving the Continued Use of the Debtors' Cash Management System and (II) Granting Other Related Relief (the "Motion"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; and that this Court may enter a final order consistent with Article III of the United States Constitution; and after due deliberation the Court having

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Phoenix Brands LLC, (4609), Phoenix Brands Parent LLC, (8729), Phoenix North LLC, (no EIN), and Phoenix Brands Canada ULC (a Nova Scotia Company). The address of each of the Debtors is 1 Landmark Square, Suite 1810, Stamford, CT 06901, except Phoenix Brands Canada ULC, which is Box 50, 1 First Canadian Place, Toronto, Ontario, Canada M5X 1B8.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. On _____, 2016, at _____ ___.m. (prevailing Eastern Time), a hearing (the "Final Hearing") will be held before this Court to consider the Cash Management Relief requested in the Motion, on a final basis. All objections, if any, to the Motion shall be in writing and filed with this Court and served on counsel for the Debtors, any duly appointed committee, and the United States Trustee, so as to be received on or before _____, 2016 at 4:00 p.m. (prevailing Eastern Time).

3. The Debtors are authorized to: (i) maintain their Cash Management System in substantially the same form as described in the Motion; (ii) implement ordinary course changes to their Cash Management System; and (iii) open and close bank accounts; *provided, however*, that the Debtors give notice to the Office of the United States Trustee, Madison Capital Funding LLC, as Agent, and any official committees appointed in these chapter 11 cases prior to opening or closing a bank account. Any new domestic bank account opened by the Debtors will be opened only at a bank that is a party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware.

4. The Debtors are authorized, but not directed, to continue to use the Bank Accounts under existing account numbers without interruption.

5. The Banks are authorized, but not directed, to continue to service and administer the Bank Accounts as accounts of the applicable Debtor as debtor in possession without interruption, and to receive, process, honor, and pay any and all checks, ACH transfers

2

and other instructions for payment, drafts drawn on, or electronic transfer requests made on, the Bank Accounts after the Petition Date by the holders or makers thereof or other persons or parties entitled to issue instructions with respect thereto, as the case may be.

6. All Banks provided with notice of this Order maintaining any of the Bank Accounts shall not honor any checks issued against the Bank Accounts prior to the commencement of these chapter 11 cases, except as otherwise authorized by an order of this Court and directed by the Debtors.

7. The Debtors shall not be required to include the legend "D.I.P." and the corresponding bankruptcy case number on existing checks or business forms; *provided, however*, that any new check stock ordered by the Debtors shall contain the designation "Debtor in Possession," and the Debtors will include "D.I.P." on any electronically generated checks.

8. The Banks are authorized, but not directed, to accept and honor all representations from the Debtors regarding which checks, drafts, wires, or ACH transfers should be honored or dishonored consistent with any order of this Court, whether such checks, drafts, wires, or ACH transfers are dated prior to, on, or subsequent to the Petition Date. The Banks shall not be liable to any party on account of: (i) following the Debtors' instructions or representations as to any order of this Court; (ii) honoring any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored; or (iii) an innocent mistake made despite implementation of reasonable item-handling procedures.

9. Any Bank, without further order of this Court, is authorized to (i) charge, and the Debtors are authorized to pay or honor, both prepetition and postpetition service and other fees, costs, charges, and expenses to which the Banks are entitled under the terms and in accordance with their contractual arrangements with the Debtors; and (ii) the Banks also are

authorized, but not directed, to charge back returned items to the Bank Accounts in the normal course of business.

10. Any Banks are further authorized to (i) honor the Debtors' directions with respect to the opening and closing of any Bank Account; and (ii) accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions, provided, in each case, that the Debtors' Banks shall not have any liability to any party for relying on such representations.

11. The Debtors are authorized, from and after the Petition Date, to continue to engage in intercompany transactions in the ordinary course of the Debtors' businesses; *provided, however,* that for the avoidance of doubt, the Debtors shall not be authorized by this Interim Order to undertake any intercompany transactions that is not on the same terms as, or materially consistent with, the Debtors' operation of the business in the ordinary course during the prepetition period. All Intercompany Claims held by a Debtor against a Debtor arising from postpetition intercompany transfers shall be entitled to administrative expense priority pursuant to section 503(b)(1) of the Bankruptcy Code. In connection therewith, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including intercompany transactions, may be readily ascertained, traced, and recorded properly and distinguished between prepetition and post-petition transactions on applicable intercompany accounts. Intercompany transfers during the interim period shall be capped at $100,000 going out to Phoenix Brands Canada ULC and $500,000 coming in from Phoenix Brands Canada ULC, and there shall be no intercompany loans to non-debtors absent further order of the Court.

12. The amount of funds held in Debtors' Bank Accounts with Royal Bank of Canada shall not exceed the amounts protected by the Canadian Deposit Insurance Corporation.

DOCS_DE:207330.3 70787/001

13.     Notwithstanding anything contained herein, despite the Debtors' use of a consolidated Cash Management System, the Debtors shall calculate their quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which Debtor pays those disbursements.

14.     Notwithstanding anything to the contrary contained in the Motion or in this Interim Order, the relief granted in this Interim Order and any payment authorized by, and any authorizations contained herein, are and shall be subject to the terms of any orders authorizing the use of cash collateral or debtor-in-possession financing approved by this Court in these chapter 11 cases (including with respect to any budgets governing or relating to such use), and to the extent there is any inconsistency between the terms of such cash collateral orders or debtor-in-possession financing orders and any action authorized, taken, or proposed to be taken hereunder, the terms of such cash collateral orders and debtor-in-possession financing orders shall govern and control.

15.     For banks at which the Debtors hold bank accounts that are party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, within fifteen (15) days of the date of entry of this Order the Debtors shall (a) contact each bank, (b) provide the bank with each of the Debtors' employer identification numbers and (c) identify each of their bank accounts held at such banks as being held by a debtor in possession in a bankruptcy case, and provide the case number.

16.     The Debtors are authorized to open any new Bank Accounts or close any existing Bank Accounts as it may deem necessary and appropriate in their sole discretion; provided, however, that the Debtors give notice within fifteen (15) days to the Office of the United States Trustee for the District of Delaware and any statutory committees appointed in

5

these chapter 11 cases; provided, further, however that the Debtors shall open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement.

17. As soon as practicable after entry of this Order, the Debtors will serve a copy of this Order to the Banks at which the Bank Accounts are maintained.

18. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

19. This Order shall be immediately effective and enforceable upon its entry. The fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

20. This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: May 23, 2016
Wilmington, Delaware

The Honorable Brendan L. Shannon
Chief United States Bankruptcy Judge