IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PHOENIX BRANDS LLC, *et al.*,[1] | ) | Case No. 16-11242 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Related to Docket No. 8** |

**ORDER (A) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS
TO PAY ALL OR A PORTION OF THE PREPETITION CLAIMS OF CERTAIN
CRITICAL BROKERS, AND (B) AUTHORIZING FINANCIAL INSTITUTIONS
TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to sections 105(A), 363, 1107, and 1108 of the Bankruptcy Code and Rules 6003 and 6004(h) of the Bankruptcy Rules for entry of an order: (a) authorizing, but not directing, the Debtors to pay all or a portion of the prepetition claims of certain Critical Brokers, (b) authorizing financial institutions to honor and process related checks and transfers, and (c) providing any additional relief required in order to effectuate the foregoing; having reviewed the Motion and the First Day Declaration; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Phoenix Brands LLC, (4609), Phoenix Brands Parent LLC, (8729), Phoenix North LLC, (no EIN), and Phoenix Brands Canada ULC (a Nova Scotia Company). The address of each of the Debtors is 1 Landmark Square, Suite 1810, Stamford, CT 06901, except Phoenix Brands Canada ULC, which is Box 50, 1 First Canadian Place, Toronto, Ontario, Canada M5X 1B8.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      For the reasons set forth on the record, the Motion is GRANTED, as set forth herein.

2.      Pursuant to sections 105(a), 363(b), 1107, and 1108 of the Bankruptcy Code, the Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to pay each Critical Broker in the ordinary course of business.

3.      The Debtors shall only make payment on account of Critical Broker Claims to Critical Brokers who agree to continue to supply services to the Debtors on such Critical Broker's Governing Trade Terms. As used herein, "Governing Trade Terms" means, with respect to a Critical Broker: (a) the normal and customary trade terms, practices, and programs that were most favorable to the Debtors and in effect between such Critical Broker and the Debtors prior to the Petition Date; or (b) such other trade terms that are agreed to by the Debtors and such Critical Broker.

4.      The Debtors shall maintain a list of Critical Brokers and the amounts paid to each. This list can be provided to and will be periodically provided to the following parties (together, the "Notice Parties"): the U.S. Trustee for the District of Delaware, Madison Capital Funding LLC, as Agent, and its legal counsel, and professionals retained by any official committee appointed in these cases (a "Committee"), provided, however, that the Notice Parties shall keep the list confidential and not disclose it to anyone, including, but not limited to, any member of any Committee, without prior consent from the Debtors.

5.     The Debtors shall undertake all appropriate efforts to cause Critical Brokers to enter into an agreement (the "Broker Agreement") including provisions substantially similar to the form attached hereto as Exhibit 1.

6.     The Debtors are authorized, but not directed, to enter into Broker Agreements when the Debtors determine, in the exercise of their reasonable business judgment, that it is appropriate to do so. However, the Debtors' inability to enter into a Broker Agreement shall not preclude them from paying Critical Broker Claims when, in the exercise of their reasonable business judgment, such payment is necessary to the Debtors' operations, subject in each case to Paragraph 9 of this Order.

7.     If a Critical Broker that has received payment of a prepetition claim later refuses to continue to supply services for the applicable period in compliance with the Broker Agreement or this Order, then the Debtors may take any and all appropriate steps to cause the Critical Broker to repay payments made to it on account of its pre-petition Critical Broker Claim to the extent that such payments exceed the post-petition amounts then owing to such Critical Broker. All of the proceeds of any returns or repayments will be subject to the liens and security interests of Madison Capital Funding, LLC, as prepetition and postposition agent for the senior secured lenders of the Debtors, subject to the terms of any order authorizing use of cash collateral or debtor-in-possession financing.

8.     Each of the banks and financial institutions at which the Debtors maintain their accounts relating to the payment of the claims that the Debtors request authority to pay in the Motion are authorized to receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors related thereto, to the extent that

sufficient funds are on deposit in those accounts, and are authorized to rely on the Debtors

designation of any particular check as approved by this Order.

9.      Notwithstanding anything to the contrary in the Motion or this Order, the relief

granted herein and any payment authorized by, and any authorizations contained herein, are and

shall be subject to the terms and requirements of any orders authorizing use of cash collateral or

debtor-in-possession financing approved by this Court in these chapter 11 cases (including with

respect to any budgets governing or relating to such use), and to the extent there is any conflict

or inconsistency between the terms of such cash collateral orders or debtor-in-possession

financing orders and any action authorized, taken, or proposed to be taken hereunder, the terms

of such cash collateral orders and debtor-in-possession financing orders shall govern and control.

10.     Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the

Motion is necessary to avoid immediate and irreparable harm to the Debtors.

11.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and

conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     This Court shall retain jurisdiction with respect to all matters arising from or

relating to the interpretation or implementation of this Order.

Dated: _May 23_ , 2016
       Wilmington, Delaware

                                            _____
                                            The Honorable Brendan L. Shannon
                                            Chief United States Bankruptcy Judge

4