IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PHOENIX BRANDS LLC, *et al.*,[1] | Case No. 16-11242 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Related to Docket No. 9** |

## INTERIM ORDER ESTABLISHING ADEQUATE ASSURANCE PROCEDURES WITH RESPECT TO THE DEBTORS' UTILITY PROVIDERS

This matter coming before the Court on the Debtors' Motion for Interim and Final Orders Establishing Adequate Assurance Procedures With Respect to Utility Providers (the "Motion"); the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; and that this Court may enter a final order consistent with Article III of the United States Constitution; the Court having determined that the deposits and procedures described in the Motion provide adequate assurance of future payment to the Utility Companies[2]; the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Phoenix Brands LLC, (4609), Phoenix Brands Parent LLC, (8729), Phoenix North LLC, (no EIN), and Phoenix Brands Canada ULC (a Nova Scotia Company). The address of each of the Debtors is 1 Landmark Square, Suite 1810, Stamford, CT 06901, except Phoenix Brands Canada ULC, which is Box 50, 1 First Canadian Place, Toronto, Ontario, Canada M5X 1B8.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. Subject to the procedures described below, no Utility Company, including a Utility Company subsequently added to the Utility Service List, may alter, refuse, terminate, or discontinue utility services to, and/or discriminate against, the Debtors on the basis of the commencement of this chapter 11 case or on account of outstanding prepetition invoices.

3. The Debtors shall deposit $3,750.00 into a newly created, segregated, interest bearing account (the "Adequate Assurance Deposit") within 20 days of the Petition Date.

4. The Debtors will maintain the balance of the Adequate Assurance Deposit until the earlier of (a) a sale of assets relating to the specific utility, or (b) the date these cases are closed, dismissed or converted to chapter 7 of the Bankruptcy Code, and subject to the needs and obligations of the Debtors pursuant to the applicable transition services agreement.

5. Subject to the entry of the Final Order and the Adequate Assurance Procedures set forth below, the Adequate Assurance Deposit, in conjunction with the Debtors' ability to pay for future utility services in the ordinary course of business (collectively, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance of future payment to the Utility Companies to satisfy the requirements of section 366 of the Bankruptcy Code.

6. The following Adequate Assurance Procedures are approved in all respects:

   a. Any Utility Company desiring assurance of future payment for utility service beyond the Proposed Adequate Assurance must serve a request (an "Additional Assurance Request") so that it is received by the Debtors at the following addresses: (i) Phoenix Brands, LLC, 1 Landmark Square # 18, Stamford, CT 06901; (ii) Morrison Cohen LLP, Attn. Joseph T. Moldovan and Robert K. Dakis, 909 Third Avenue, New York, NY 10022; and (iii)

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705, Attn. Laura Davis Jones and Joseph M. Mulvihill.

b. Any Additional Assurance Request must: (i) be made in writing; (ii) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (iii) set forth the location(s) for which utility services are provided and the relevant account number(s); (iv) describe any deposits, prepayments, or other security currently held by the requesting Utility Company; (v) describe any payment delinquency or irregularity by the Debtors for the postpetition period, if any; and (vi) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

c. If a Utility Company fails to serve an Additional Assurance Request, it shall be: (i) deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of the Bankruptcy Code; and (ii) forbidden to discontinue, alter, refuse service to, or discriminate against the Debtors on account of any unpaid prepetition charges.

d. Upon the Debtors' receipt of an Additional Assurance Request at the addresses set forth above, the Debtors shall have twenty-one days from receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtors and the applicable Utility Company without application to or approval of the Court.

e. The Debtors, in their discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company without further order of the Court, and may, in connection with any such resolution, in their discretion, provide the requesting Utility Company with additional or different assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments, and/or other forms of security, if the Debtors believe such additional assurance is reasonable.

f. If the Debtors determine that an Additional Assurance Request is not reasonable and the parties are not able to resolve such request during the Resolution Period, the Debtors will request a hearing before the Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the

"Determination Hearing"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.[3]

    g.    Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such a request may not discontinue, alter, or refuse service to the Debtors on account of unpaid charges for prepetition services or an alleged lack of adequate assurance of payment.

7.    All Utility Companies shall be deemed to have adequate assurance of payment under section 366 of the Bankruptcy Code unless and until: (a) the Debtors, in their discretion, agree to (i) an Additional Assurance Request, or (ii) an alternative assurance of payment with the Utility Company during the Resolution Period; or (b) this Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

8.    To the extent that the procedures set forth herein are not in technical compliance with certain time periods set forth in section 366 of the Bankruptcy Code, the Debtors have demonstrated good cause for the extension of the 30-day and 20-day protective time periods under sections 366(c)(2) and 366(b) of the Bankruptcy Code, respectively.

9.    Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List.

10.    The Debtors are authorized, in their sole discretion, to amend the Utility Service List to add or delete any Utility Company, and this order shall apply to any such Utility Company that is subsequently added to the Utility Service List.

11.    The Debtors shall serve a copy of this order on each Utility Company listed on the Utility Service List within two business days after the date of this order is entered,

---

[3] The Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court

---

and shall promptly serve this order on each Utility Company that may be subsequently added by the Debtors to the Utility Service List.

12. Any Utility Company subsequently added to the Utility Service List may make an Additional Assurance Request. The Debtors shall have the period specified in the Adequate Assurance Procedures to seek to resolve any subsequently added Utility Company's Additional Assurance Request by mutual agreement with the Utility Provider without further order of this Court or to schedule a Determination Hearing with this Court to determine the adequacy of assurance of payment with respect to such Utility Company in accordance with the Adequate Assurance Procedures.

13. Nothing contained in the Motion or this order is intended or should be construed as: (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; or (d) a request to assume or reject any executory contract or unexpired lease, pursuant to section 365 of the Bankruptcy Code.

14. Nothing contained in the Motion or this order is intended or should be construed to create an administrative priority claim on account of any claim.

15. Notwithstanding anything in the Motion or this order to the contrary, the payments authorized by, and any authorizations contained in, this order are and shall be subject to the respective terms and requirements set forth in any order authorizing use of cash collateral or debtor-in-possession financing (including, without limitation, with respect to any budget governing or relating to such use).

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this order shall be effective and enforceable immediately upon its entry.

---

may order modification of the amount of an assurance of payment . . . ." 11 U.S.C. § 366(c)(3)(A).

DOCS_DE:207327.3 70787-001

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

18. This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

19. Any objection to the entry of a Final Order granting the relief requested in the Motion shall be filed with the Court and served on the Notice Parties no later than June 8, 2016, at 4:00 p.m., prevailing Eastern Time.

20. A final hearing to resolve any objections to the relief sought in the Motion shall be conducted on June 15, 2016 at 11:00 A.m., prevailing Eastern Time.

Dated: May 23, 2016
Wilmington, Delaware

The Honorable Brendan L. Shannon
Chief United States Bankruptcy Judge