IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PHOENIX BRANDS LLC, *et al.*,[1] | ) | Case No. 16-11242 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related to Docket No. 10** |

### ORDER AUTHORIZING THE DEBTORS TO PAY PREPETITION EMPLOYEE WAGES, BENEFITS, AND RELATED ITEMS

This matter coming before the Court on the Motion For An Order Authorizing the Debtors to Pay Prepetition Employee Wages, Benefits, And Related Items (the "Motion");[2] the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances, and (v) there is good cause to waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable; and after due deliberation the Court having determined that the relief requested in the Motion is (i) in the best interests of the Debtors, their estates, and their creditors, and (ii) necessary to prevent immediate and irreparable harm to the Debtors, their estates, and their employees; and good and sufficient cause having been shown;

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Phoenix Brands LLC, (4609), Phoenix Brands Parent LLC, (8729), Phoenix North LLC, (no EIN), and Phoenix Brands Canada ULC (a Nova Scotia Company). The address of each of the Debtors is 1 Landmark Square, Suite 1810, Stamford, CT 06901, except Phoenix Brands Canada ULC, which is Box 50, 1 First Canadian Place, Toronto, Ontario, Canada M5X 1B8.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on the terms set forth herein.

2. The Debtors are authorized, in the Debtors' sole discretion, to pay Prepetition Compensation that was accrued and unpaid as of the Petition Date in an aggregate amount not to exceed $277,000.

3. The Debtors are authorized, in the Debtors' sole discretion, to pay Prepetition Deductions that were accrued and unpaid as of the Petition Date in an aggregate amount not to exceed $14,000.

4. The Debtors are authorized, in the Debtors' sole discretion, to pay Prepetition Benefits that were accrued and unpaid as of the Petition Date in an aggregate amount not to exceed $13,000.

5. The Debtors are authorized, in the Debtors' sole discretion, to pay Prepetition Processing Costs that were accrued and unpaid as of the Petition Date in an aggregate amount not to exceed $1,600.

6. The Debtors are authorized, in the Debtors' sole discretion, to pay the Prepetition Business Expenses that were accrued and unpaid as of the Petition Date in an amount not to exceed $18,000.

7. The Debtors are authorized to pay the Supplemental Workforce Obligations.

8. The Banks are authorized, when requested by the Debtors, to receive, process, honor, and pay all checks presented for payment of, and to honor all funds transfer requests made by the Debtors related to, Prepetition Compensation, Supplemental Workforce Obligations, Prepetition Business Expenses, Prepetition Deductions, Prepetition Benefits, and

Prepetition Processing Costs, whether such checks were presented or funds transfer requests were submitted prior to or after the Petition Date, provided that funds are available in the Debtors' accounts to cover such checks and funds transfers. The Banks are authorized to rely on the Debtors' designation of any particular check or funds transfer as approved by this Order.

9. Any Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order either: (a) at the direction of the Debtors, (b) in a good-faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as a result of an innocent mistake made despite the above-described protective measures, shall not be liable to the Debtors or their estates on their account of such prepetition check or other item being honored post-petition.

10. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim is a Supplemental Workforce Obligation or a claim for Prepetition Compensation, Prepetition Business Expenses, Prepetition Deductions, Prepetition Benefits, or Prepetition Processing Costs; or (v) the assumption of any contract.

11. For the avoidance of doubt, no bonus or incentive payments will be made to any insiders pursuant to the Motion unless separately authorized by the Court.

12. Notwithstanding anything to the contrary in the Motion or this order, the relief granted herein and any payment authorized by, and any authorizations contained herein (including, without limitation, in Paragraphs 2 through 7 of this order), are and shall be subject to the terms and requirements of any orders authorizing use of cash collateral or debtor-in-

DOCS_DE:207328.2 70787-001

possession financing approved by this Court in these chapter 11 cases (including with respect to any budgets governing or relating to such use), and to the extent there is any conflict or inconsistency between the terms of such cash collateral orders or debtor-in-possession financing orders and any action authorized, taken, or proposed to be taken hereunder, the terms of such cash collateral orders and debtor-in-possession financing orders shall govern and control.

13. Notwithstanding any other provision of this order, no payments to any individual employee shall exceed the amounts set forth in 11 USC sections 507(a)(4) and 507(a)(5).

14. Nothing herein shall be deemed to (1) authorize the payment of any amounts in satisfaction of bonus or severance obligations, or which are subject to section 503(c) of the Bankruptcy Code; or (2) authorize the Debtors to cash out unpaid vacation/leave time upon termination of an employee, unless applicable state law requires such payment.

15. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

16. This Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

Dated: May 23, 2016
Wilmington, Delaware

The Honorable Brendan L. Shannon
Chief United States Bankruptcy Judge