IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| PHOENIX BRANDS LLC, *et al.*,[1] | ) Case No. 16-11242 (BLS) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Related to Docket No. 12** |

### ORDER AUTHORIZING DEBTORS TO CONTINUE THEIR INSURANCE PROGRAMS AND PAY RELATED OBLIGATIONS

The Court has reviewed the Motion for an Order Authorizing the Debtors to Continue Their Insurance Programs and Pay Related Obligations (the "Motion"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), and the First Day Declaration and has considered the statements of counsel and the evidence adduced with respect to the Motion at hearing before the Court (the "Hearting"). The Court hereby finds that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. section 157(b), (iv) notion of the Motion and the Hearing was sufficient under the circumstances, (v) there is good cause to waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), and (vi) that this Court may enter a final order consistent with Article II of the United States Constitution. After due deliberation, the Court has determined that the relief requested in the Motion is (i) in the best interests of the

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Phoenix Brands LLC, (4609), Phoenix Brands Parent LLC, (8729), Phoenix North LLC, (no EIN), and Phoenix Brands Canada ULC (a Nova Scotia Company). The address of each of the Debtors is 1 Landmark Square, Suite 1810, Stamford, CT 06901, except Phoenix Brands Canada ULC, which is Box 50, 1 First Canadian Place, Toronto, Ontario, Canada M5X 1B8.

[2] Capitalized terms not otherwise defined in this order shall have the meanings given to them in the Motion.

Debtors, their estates, and their creditors and (ii) necessary to prevent immediate and irreparable harm to the Debtors and their estates.

### IT IS HEREBY FOUND AND DETERMINED THAT:[3]

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, in their discretion, to honor all their prepetition and postpetition Insurance Obligations, including premiums, deductibles and other amounts owed to CNA Insurance, Travelers Insurance, and Insperity, subject to the terms of this Order.

3. The Debtors are authorized to maintain, supplement, amend, extend, renew, and/or replace, without further Court approval, their Insurance Obligations.

4. The Court hereby authorizes all Banks to receive, process, honor, and pay all checks and electronic payment requests related to the Insurance Obligations, whether such checks or electronic payment requests were presented before or after the Petition Date, provided that sufficient funds are on deposit in the applicable accounts. The Banks are authorized to rely on the Debtors' designation of any particular check or fund transfer as approved by this Order.

5. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined hereunder; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. All findings of fact and conclusions of law announced by the Court at the Bidding Procedures Hearing are hereby incorporated herein to the extent not inconsistent herewith.

6. Nothing in the Motion or this Order shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of, or basis for, any claims against the Debtors in connection with or relating to the Debtors' Insurance Obligations.

7. To the extent any of the Insurance Obligations or related agreements are deemed to be executory contracts within the meaning of section 365 of the Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall constitution the postpetition assumption of those Insurance Obligations or related agreements under section 365 of the Bankruptcy Code.

8. Notwithstanding anything to the contrary in the Motion or this Order, the relief granted herein and any payment authorized by, and any authorizations contained herein, are and shall be subject to the terms and requirements of any orders authorizing use of cash collateral or debtor-in-possession financing approved by this Court in these chapter 11 cases (including with respect to any budgets governing or relating to such use), and to the extent there is any conflict or inconsistency between the terms of such cash collateral orders or debtor-inpossession financing orders and any action authorized, taken, or proposed to be taken hereunder, the terms of such cash collateral orders and debtor-in-possession financing orders shall govern and control.

9. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

10. This Court retains jurisdiction over all maters arising from or related to the implementation or interpretation of this Order.

3

11. This Order shall be immediately effective and enforceable upon its entry, and the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

Dated: May 23, 2016
Wilmington, Delaware

_____
The Honorable Brendan L. Shannon
Chief United States Bankruptcy Judge

DOCS_DE:207333.2 70787/001