IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| PHOENIX BRANDS LLC, *et al.*,[1] ) | Case No. 16-11242 (BLS) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | **Related to Docket No. 11** |

**ORDER AUTHORIZING THE DEBTORS TO (I) MAINTAIN
CERTAIN CUSTOMER PROGRAMS, AND (II) HONOR OR PAY
RELATED PREPETITION OBLIGATIONS TO THEIR CUSTOMERS**

The Court has considered the *Motion for an Order Authorizing the Debtors to (I) Maintain Certain Customer Programs, and (II) Honor or Pay Related Prepetition Obligations to Their Customers* (the "Motion"),[2] filed by the Debtors. The Court has reviewed the Motion and the First Day Declaration and has considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"). The Court has found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances, (v) there is good cause to waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable, and (vi) that this Court may enter a final order consistent with Article III of the United States Constitution. After due deliberation, the Court has determined that the relief requested in the Motion is (i) in the best

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Phoenix Brands LLC, (4609), Phoenix Brands Parent LLC, (8729), Phoenix North LLC, (no EIN), and Phoenix Brands Canada ULC (a Nova Scotia Company). The address of each of the Debtors is 1 Landmark Square, Suite 1810, Stamford, CT 06901, except Phoenix Brands Canada ULC, which is Box 50, 1 First Canadian Place, Toronto, Ontario, Canada M5X 1B8.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

DOCS_DE:207332.2 70787/001

interests of the Debtors, their estates, and their creditors, and (ii) necessary to prevent immediate and irreparable harm to the Debtors and their estates; and good and sufficient cause having been shown;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. Subject to the terms of this Order, the Debtors are authorized, in their discretion, to maintain, continue, renew, modify, terminate, or replace the Customer Programs, subject to the terms of this Order, including, without limitation, Paragraph 5 hereof.

3. The Debtors are authorized, in their discretion, to satisfy, honor, and pay all Customer Obligations in an approximate amount of $1,700,000, subject to the terms of this Order, including, without limitation, Paragraph 5 hereof.

4. Nothing in the Motion or this Order, nor the Debtors' payment of Claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute a Customer Obligation; or (e) the assumption of any contract.

5. Notwithstanding anything to the contrary in the Motion or this Order, the relief granted herein and any payment authorized by, and any authorizations contained herein, are and shall be subject to the terms and requirements of any orders authorizing use of cash collateral or debtor-in-possession financing approved by this Court in these chapter 11 cases (including with respect to any budgets governing or relating to such use), and to the extent there is any conflict or inconsistency between the terms of such cash collateral orders or debtor-in possession

financing orders and any action authorized, taken, or proposed to be taken hereunder, the terms of such cash collateral orders and debtor-in-possession financing orders shall govern and control.

6. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

7. This order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

8. This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: May 24, 2016
Wilmington, Delaware

The Honorable Brendan L. Shannon
Chief United States Bankruptcy Judge